IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LANETTE SILVEY, Individually and as heir to Heath Vandeventer, §§§§ Plaintiff §§§§ v. §§§§ DENTON COUNTY, TEXAS, SHERIFF TRACY MURPHREE, Individually and in his Official Capacity, JOHN KISSINGER, in his Official Capacity as Correctional Health Administrator for Denton County Public Health, BARRY CAVER, Individually and in his Official Capacity as Assistant Chief Deputy of Denton County Sheriff's Office, MARTY BUCHANAN (MD, PhD), Individually and in his Official Capacity as Division Manager, Health Authority/Medical, MATT RICHARDSON (DRPH, MPH, FACHE), in his Official Capacity as Direct of Public Health for Denton County Public Health, BRUCE ELSEY, in his Official Capacity as Captain, DOES 1-25, Defendants | No. _____ <br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, LANETTE SILVEY, files her Original Complaint against Defendants, Denton County, Texas, SHERIFF TRACY MURPHREE, Individually and in his

Official Capacity, JOHN KISSINGER, in his Official Capacity as Correctional Health Administrator for Denton County Public Health, BARRY CAVER, Individually and in his Official Capacity as Assistant Chief Deputy of Denton County Sheriff's Office, MARTY BUCHANAN (MD, PhD), Individually and in his Official Capacity as Division Manager, Health Authority/Medical, MATT RICHARDSON (DRPH, MPH, FACHE), in his Official Capacity as Direct of Public Health for Denton County Public Health, BRUCE ELSEY, in his Official Capacity as Captain, DOES 1-25 (collectively "Defendants").

Parties

1. Plaintiff, Lanette Silvey ("Silvey"), is a Texas resident living in Argyle, Denton County, Texas.

2. Defendant, Denton County, Texas (the "County"), is a governmental entity that can be served under Rule 4(j)(2) of the Federal Rules of Civil Procedure by serving County Judge Andy Eads at 1 Courthouse Drive, Suite 3100, Denton, Texas 76208. At all material times set forth below, this defendant was responsible for protecting the welfare of the citizens of Denton County, including, but not limited to, the operation, management (including training), maintenance and supervision of the Denton County jail, and all employees working at said facility.

3. Defendant SHERIFF TRACY MURPHREE, Individually and in his Official Capacity, is a Texas resident who may be served with process at 127 N. Woodrow Ln., Denton, Texas 76205. At all material times set forth below, this defendant was responsible for protecting the welfare of the citizens of Denton County, including, but not limited to, the operation, management (including training), maintenance and supervision of the Denton County jail, the inmates therein and all employees working at said facility.

4. Defendant JOHN KISSINGER, in his Official Capacity as Correctional Health Administrator for Denton County Public Health, is a Texas resident who may be served with process at Denton County Public Health, 538 South Loop 288, Denton, Texas 76205. At all material times

set forth below, this defendant was responsible for protecting the welfare of the citizens of Denton County, including, but not limited to, the management (including training) and supervision of the inmates in Denton County jail, and all employees working for Denton County Public Health at said facility.

5. Defendant BARRY CAVER, Individually and in his Official Capacity as Assistant Chief Deputy of Denton County Sheriff's Office, is a Texas resident who may be served with process at 127 N. Woodrow Ln., Denton, Texas 76205. At all material times set forth below, this defendant was responsible for protecting the welfare of the citizens of Denton County, including, but not limited to, the operation, management (including training), maintenance and supervision of the Denton County jail, the inmates therein and all employees working at said facility.

6. Defendant MARTY BUCHANAN (MD, PhD), Individually and in his Official Capacity as Division Manager, Health Authority/Medical is a Texas resident who may be served with process at Denton County Public Health, 538 South Loop 288, Denton, Texas 76205. At all material times set forth below, this defendant was responsible for protecting the welfare of the citizens of Denton County, including, but not limited to, the management (including training) and supervision of the inmates in Denton County jail, and all employees working for Denton County Public Health at said facility.

7. Defendant MATT RICHARDSON (DRPH, MPH, FACHE), in his Official Capacity as Director of Public Health for Denton County Public Health, is a Texas resident who may be served with process at Denton County Public Health, 538 South Loop 288, Denton, Texas 76205. At all material times set forth below, this defendant was responsible for protecting the welfare of the citizens of Denton County, including, but not limited to, the management (including training) and supervision of the inmates in Denton County jail, and all employees working for Denton County Public Health at said facility.

8. Defendant BRUCE ELSEY, in his Official Capacity as Captain in the Denton County Sheriff's Office, is a Texas resident who may be served with process at 127 N. Woodrow Ln., Denton, Texas 76205.At all material times set forth below, this defendant was responsible for protecting the welfare of the citizens of Denton County, including, but not limited to, the operation, management (including training), maintenance and supervision of the Denton County jail, the inmates therein and all employees working at said facility.

9. Defendant DOES 1-25 are unknown individuals employed by Defendants (one or more of same) involved in the supervision, monitoring, care and custody of Heath Vandeventer who were responsible for the implementation of the policies and procedures designed to ensure that the needs of Denton County inmates are adequately met or properly communicated, are currently unknown to Plaintiff. As a result, these individuals are sued as DOES 1-25.

Jurisdiction

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because this action arises under the rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

11. This Court has supplemental jurisdiction of any and all of Plaintiff's state law claims for wrongful death, negligence, failure to summon medical care, negligent supervision and negligent training pursuant to 28 U.S.C. § 1367 as those claims arise out of the same case and controversy giving rise to this Court's jurisdiction as set forth above.

Venue

12. Venue is proper in the Eastern District of Texas, Sherman Division, under 28 U.S.C. § 1391 because all Defendants reside or are located within the judicial district of this Court and all complained of acts occurred within the confines of Denton County, Texas located within said District.

Facts

13. Heath Vandeventer was arrested by the Denton Police department on or about July 7, 2023.

14. Heath Vandeventer, as a result of the potential criminal charges against him, was taken to the Denton County jail on or about July 8, 2023.

15. Upon his being booked into the Denton County jail and through the intake process, a medical screening occurred. In addition, information was relayed to the Denton County jail by and from the arresting officers as to the conduct and condition of Heath Vandeventer which clearly disclosed his mental health condition in addition to the physical ones.

16. Plaintiff called the Denton County jail multiple times concerned about Heath Vandeventer's mental health and physical condition from July 8, 2023 until his corpse was removed from the facility on or about September 13, 2023.

17. Defendants were made aware by Plaintiff and were aware that Heath Vandeventer had multiple prior hospitalizations for psychosis, multiple court orders for involuntary inpatient treatment and a history of suicidal ideations.

18. Defendants knew or should have known that Heath Vandeventer remained naked and unresponsive for days leading to his death.

19. Defendants were aware or should have been aware that Heath Vandeventer's meal trays were being picked up untouched and/or unconsumed day after day.

20. Plaintiff was repeatedly assured by the Denton County jail that Heath Vandeventer's mental health and physical needs were being taken care of and would continue to be taken care of from July 8, 2023 until his corpse was removed from the facility on or about September 13, 2023.

21. Heath Vandeventer remained incarcerated in the Denton County jail continuously from on or about July 8, 2023 until his corpse was removed from the facility on or about September 13, 2023.

22. The official cause of death of Heath Vandeventer was dehydration. Malnutrition is a contributing cause of death.

23. Severe dehydration is a life-threatening emergency which is known or should be known by Defendants.

24. On the date Heath Vandeventer was incarcerated in the Denton County jail he weighed 300 pounds.

25. On the date his corpse was removed from the facility his weight was a mere 195 pounds.

26. On the date of his arrest and thereafter, until he died, Heath Vandeventer had no illegal substances in his body.

27. On the date of his death, Heath Vandeventer had no psychoactive substances in his body to treat his active and acute mental illness.

28. Heath Vandeventer died in the Denton County jail under the care of Defendants, individually and/or jointly and severally, over a prolonged period of time as a result of neglect.

29. On the date Heath Vandeventer was incarcerated in the Denton County jail, Defendants, by and through their staff and employees and Plaintiff, were made aware that Heath Vandeventer suffered from the following: schizoaffective paranoid disorder, schizophrenia, undesignated mental health concerns, he had past mental health history involving treatment with Denton County MHMR and was unable to sign any initial jailing documents presumably due to the aforementioned conditions.

30. On the date Heath Vandeventer was incarcerated the officers were dispatched to 9201 Benbrook Lane, Argyle, Denton County, Texas.

31. The foregoing address is Plaintiff's present residence and Heath Vandeventer's residence on the date of his arrest.

32. On the date in question, Heath Vandeventer, due to his mental health conditions, was in the midst of a mental health crisis involving Plaintiff who, in order to obtain aid, called 9-1-1.

33. In response to the 9-1-1 call, the officers[1] arrived and made attempt to arrest Heath Vandeventer, but Mr. Vandeventer had barricaded himself in his bedroom.

34. Eventually, the officers gained entry into Heath Vandeventer's bedroom by pushing the door open which Mr. Vandeventer had blocked with a very large piece of furniture.

35. The officers found Heath Vandeventer naked on his bed.

36. In making the arrest which ultimately resulted in Heath Vandeventer's incarceration set forth above, minimal communication was had between the officers and Mr. Vandeventer.

37. The officers transported Mr. Vandeventer directly from his residence to the Denton County jail (managed, controlled, supervised and maintained as set forth above by Defendants, in all facets, individually and/or jointly and severally) where he remained until he died.

38. During his incarceration at the Denton County jail, Defendants, individually and/or jointly and severally, were responsible for a basic standard of care for any inmate in any jail facility wherein it is incumbent on each of them to prevent the untimely death of each said inmate.

39. Heath Vandeventer was housed in the Denton County jail in what is referred to as a single cell.

---

1   The use of the term "officers" includes any and all individuals defined as peace officers by the Texas Code of Criminal Procedure Ch. 2A without regard to the agency formally employing same.

40. The single cell referenced has no movable furniture, is approximately six feet by twelve feet in dimensions, has a built in raised metal platform to be used as a "bed", has a built in metal sink, has a built in metal toilet, a built in raised metal surface to be used as a "desk" and the fluorescent lights in said single cell remain on continuously for 24 hours. There is no window in said single cell to the outside environment.

41. In this single cell environment, the inmate is not allowed a mattress but merely gets a thin pad and a very short sheet to use as bedding.

42. In this single cell environment, there is an observation window housed within the door to the cell which can remain open or be closed at the choice of the jailer, not the inmate.

43. In this single cell environment, food is delivered to the inmate through a slot with a movable cover and the food tray is removed from the cell through the same slot.

44. Given the size of this single cell, the lack of movable items and the lights remaining on 24 hours each day, it is impossible for any jailer not to be able to see the inmate.

45. At all material times, Heath Vandeventer was confined to this single cell environment and capable of inspection by any and all jailers and any and all staff from any department, agency or individual given access to the single cell area.

46. It was known or should have been known by Defendants, individually and or jointly and severally, that Heath Vandeventer was not eating or drinking.

47. It was known or should have been known by Defendants, individually and or jointly and severally, that full trays without any food or water removed and/or disturbed were collected from Heath Vandeventer's cell after each delivery of same.

48. Defendants, individually and or jointly and severally as set forth above, with the knowledge (or should have known) that Heath Vandeventer was starving to death and becoming severely dehydrated, did nothing to prevent or ameliorate this declining situation despite the ability to do so.

49. It was known or should have been known by Defendants, individually and or jointly and severally, that Heath Vandeventer remained unclothed, unresponsive, and immobile for prolonged periods of time prior to his ultimate death.

50. From the date of Heath Vandeventer's incarceration, as set forth above, in the Denton County jail (under the complete control of Defendants) until his corpse was removed, Plaintiff was in repeated contact with Defendants and/or their employees and/or staff.

51. Plaintiff's contact with Defendants and/or their employees and/or staff was based upon the communicated to and known to Defendants mental health concerns for Heath Vandeventer since the date he was placed into the Denton County jail.

52. Plaintiff's repeated contact seeking that Defendants, individually and/or jointly and severally, provide proper supervision and care to Heath Vandeventer was fruitless.

53. There is no evidence that either the known mental health concerns of Heath Vandeventer or the repeated contact by Plaintiff resulted in any action being taken by any Defendant to stop or otherwise prevent the death of Heath Vandeventer.

54. Due to the manner in which Heath Vandeventer was incarcerated (as set forth above in said single cell), Defendants removed any and all ability even for fellow inmates to come to his aid in any manner resulting in a complete and total dependence by Heath Vandeventer on all Defendants to insure that his needs (physical and mental) were met.

55. Heath Vandeventer's complete dependence upon Defendants coupled with his mental health issues mandated a proper measure of care,

training of staff and supervision of Heath Vandeventer by Defendants, individually and/or jointly and severally, while incarcerated in the Denton County jail.

56. As a result of the policies in place on the date of Heath Vandeventer's arrest and thereafter, Mr. Vandeventer was allowed to slowly and painfully die over the two month period he was in the Denton County jail.

57. As a result of what appears to be a complete lack of training of all staff, Mr. Vandeventer was allowed to die from a completely preventable death by the Defendants, individually and/or jointly and severally, over the two month period he was in the Denton County jail through either complete inaction or complete deliberate indifference.

58. Each of these acts and/or omissions by all Defendants, individually and/or jointly and severally, was under color of authority and/or color of law and caused the damages set forth below.

Causes of Action

Deliberate Indifference under 42 U.S.C. § 1983

59. Plaintiff realleges and incorporate by reference the foregoing paragraphs 13 through 58 as if set forth in full.

60. At all times, Defendants, individually and/or jointly and severally, were acting under the color of state law.

61. During the time period Heath Vandeventer was in the custody of the Denton County Jail and under the supervision of Defendants, Defendants, individually and/or jointly and severally, were aware of the serious mental health and physical issues Heath Vandeventer suffered from as said infirmities were communicated as set forth above.

62. Further, during the time period Heath Vandeventer was in the custody of the Denton County Jail and under the supervision of Defendants, Heath Vandeventer's serious conditions [physical and mental] were allowed,

pursuant to Defendant's policies or lack thereof, to improperly degrade over a prolonged period of time to the point of death.

63. At all times Defendants, individually and/or jointly and severally, were fully aware or should have been fully aware of the serious issues possessed by Heath Vandeventer and, through the policies and their implementation of same, failed entirely to properly insure the safety of Heath Vandeventer where such failures resulted in the death of Heath Vandeventer.

64. Heath Vandeventer's serious issues were significant enough that even lay individuals would have and should have recognized the need for intervention and resolution of those serious issues.

65. In fact, the need for recognition of such issues has been codified by the Texas Legislature. *See* Tex. Code Crim. Proc. Ann. art. 16.22 (Vernon 2023). Inmates in the Denton County jail are routinely assessed pursuant to the foregoing statutory provision.

66. Given the lack of aid provided to Heath Vandeventer and the above statutory provision (which allows multiple attempts at assessment), it is clear that Defendants were deliberately indifferent to the serious issues presented by Heath Vandeventer resulting in his untimely death.

67. Heath Vandeventer's serious issues were ignored or refused to be treated by Defendants, individually and/or jointly and severally, to the extent same amounts to deliberate indifference as same is due to a wanton disregard for his serious needs.

68. This lack of intervention and resolution, as set forth above, violated Heath Vandeventer's clearly established rights under the Eighth and Fourteenth Amendments to the United States Constitution and article I, §§ 10 & 13 of the Texas Constitution as same amounts to cruel and unusual punishment causing damages to Plaintiff under both constitutions.

69. In addition, these acts and/or omissions of the individual Defendants only were reckless and/or accomplished with conscious disregard of Heath Vandeventer's rights thereby entitling Plaintiff to an award of exemplary and/or punitive damages as to the individual Defendants only.

Failure to Train under 42 U.S.C. § 1983

70. Plaintiff realleges and incorporate by reference the foregoing paragraphs 13 through 58 as if set forth in full.

71. Defendants are obligated, as policy makers and supervisors, to insure proper training for all employees and staff.

72. Based upon the above, Defendants' training policies and procedures were inadequate, Defendants were deliberately indifferent to this failure within their training policy or in adopting any training policy at all, these inadequacies and failures caused the Constitutional violations complained of in this complaint.

73. The need to train employees and staff regarding inmates with mental health issues is obvious. *See* Tex. Code Crim. Proc. Ann. art. 16.22 (Vernon 2023). Inmates in the Denton County jail are routinely assessed pursuant to the foregoing statutory provision.

74. Despite these provisions and knowledge, Defendants allowed, through a lack of training and/or deliberate indifference, Heath Vandeventer to painfully waste away over a prolonged period of time until he died.

75. The jailers and staff interacting with Heath Vandeventer were clearly not adequately trained to address the issues obviously presented by Mr. Vandeventer resulting in his severe weight loss, dehydration and a very untimely death.

76. This lack of training was a direct and proximate cause of Heath Vandeventer's death and caused him to suffer pain and physical injury resulting in that death.

77. This lack of training is clearly deficient as a substantial number of inmates in the Denton County jail (and most lockdown facilities) have mental health issues which require the intervention and monitoring by all jail staff (medical and non-medical) to properly care for the inmates in their care.

78. This lack of training further extends to the lack of proper welfare checks for inmates such as Heath Vandeventer who died in a manner that was observable (drastic weight loss, dehydration).

79. Had proper training and a proper policy been in place for the monitoring of inmates locked within the single cell environment, Heath Vandeventer would not have deteriorated painfully to his death caused by the lack of training and/or supervision by Defendants, individually and/or jointly and severally.

Deprivation of Familial Relationship under 42 U.S.C. § 1983

80. Plaintiff realleges and incorporate by reference the foregoing paragraphs 13 through 58 as if set forth in full.

81. Plaintiff alleges that liability exists in this matter for loss/deprivation of her familial relationship with Heath Vandeventer.

82. As a direct and proximate result of the acts and/or omission set forth above, including, but not limited to Defendants' deliberate indifference to Heath Vandeventer's serious issues, Plaintiff (Heath Vandeventer's grandmother and de facto parent and heir to his estate) has been deprived of her constitutional rights to familial association, society and companionship without due process of law in violation of the Fourteenth Amendment of the United States Constitution which were directly and proximately caused by Defendants.

Cruel and Unusual Punishment under 42 U.S.C. § 1983

83. Plaintiff realleges and incorporate by reference the foregoing paragraphs 13 through 58 as if set forth in full.

84. The Eighth and Fourteenth Amendments of the United States Constitution provides that inmates are guaranteed care for their serious issues (mental or physical).

85. Heath Vandeventer's obvious decline, resulting in the loss of one-third of his body weight and dehydration, was witnessed by employees and/or staff of Defendants with no intervention despite the ability to do so.

86. In allowing Heath Vandeventer to degrade and decline to his ultimate death, Defendants were deliberately indifferent to his serious needs which caused the unnecessary infliction of pain and physical injury to him which ultimately resulted in his prolonged death.

87. These actions caused a clear violation of Heath Vandeventer's rights under the Eighth and Fourteenth Amendments of the United States Constitution.

88. As a direct and proximate result of the acts and/or omission set forth above, including, but not limited to Defendants' deliberate indifference to Heath Vandeventer's serious issues, these damages were the direct and proximate cause of both the deliberate indifference of Defendants and their failure to train employees and staff.

<u>Negligence</u>

89. Plaintiff realleges and incorporate by reference the foregoing paragraphs 13 through 58 as if set forth in full.

90. Plaintiff alleges that Defendants acted negligently in this matter by allowing the wrongful death of Heath Vandeventer, negligently supervising Heath Vandeventer for any medical or physical condition, failing to summon medical care to treat Heath Vandeventer, negligent supervision of employees and negligent training of employees.

91. Plaintiff brings these claims against the Defendants for the negligent death of Heath Vandeventer as Defendants, individually and/or jointly and severally, had a duty of care to prevent the death, suffering and

other injuries of jail inmates of which Heath Vandeventer was one from July 8, 2023 until his death.

92. The Defendants, individually and/or jointly and severally, breached the aforementioned duty of care as set forth above and those breaches, individually or in combination, caused the death of Heath Vandeventer. In addition, these same breaches, individually or in combination, directly and proximately caused Heath Vandeventer pain and suffering for which claims are made by Plaintiff in all capacities.

Wrongful death

93. Plaintiff realleges and incorporate by reference the foregoing paragraphs 13 through 58 as if set forth in full.

94. Plaintiff brings these claims against the Defendants for the wrongful death of Heath Vandeventer pursuant to Chapter 71 of the Texas Civil Practices and Remedies Code.

95. Plaintiff asserts that the Defendants, by their conduct set forth above, caused, directly and proximately, the painful wrongful death of Heath Vandeventer for which claims are made by Plaintiff in all capacities against Defendants.

Damages

96. Plaintiff seeks damages for herself and in her capacity as heir to Heath Vandeventer for actual, compensatory, consequential, special, punitive and exemplary damages, to the extent available, from each Defendant individually and/or jointly and severally for the actions set forth above all of which caused, directly and proximately, those damages in addition to seeking payment of her reasonable and necessary attorneys' fees.

Request for Injunctive Relief

97. Plaintiff realleges and incorporate by reference the foregoing paragraphs 13 through 58 as if set forth in full.

98. Plaintiff alleges that Heath Vandeventer's death and mistreatment has not been and is not currently an isolated event.

99. Heath Vandeventer and numerous others housed as inmates within the Denton County jail facility are subject to the same or similar deliberately indifferent conduct and lack of training and/or supervision by the Defendants on an ongoing basis.

100. Defendants knew, know, should know or should have known of their conduct and the fact that it clearly fell below and currently falls below a normal standard of care for incarcerated individuals requiring any form of care (mental or physical) in a jail facility.

101. The harm caused to Heath Vandeventer was entirely avoidable as is the harm currently being experienced by other incarcerated individuals in the Denton County jail.

102. This harmful process is ongoing in nature and occurs on a daily basis to any number of inmates (including those yet to be arrested) and, as such, compensation for ongoing future conduct is presently impossible to be quantified or measured.

103. To the extent that such preventable harm occurs, the nature of its occurrence is not properly compensated by monetary damages.

104. Plaintiff seeks a permanent injunction against all Defendants, individually and/or jointly and severally, to prevent the ongoing mistreatment of incarcerated individuals in the Denton County jail.

## Conditions Precedent

105. To the extent necessary, Plaintiff has performed all conditions precedent to bringing this lawsuit and all claims asserted herein as the law requires.

## Jury Demand

106. Plaintiff hereby requests a trial by jury.

Attorneys' Fees

107. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

108. Plaintiff requests an award of her reasonable and necessary attorneys' fees in this matter.

Prayer

Plaintiff, Lanette Silvey, requests that Defendants be cited to appear and answer herein, and that, upon final trial of this cause, Plaintiff have and recover:

- a. actual damages within the jurisdictional limits of this Court;
- b. punitive damages against the individual defendants;
- c. exemplary damages against the individual defendants;
- d. consequential damages;
- e. compensatory damages;
- f. special damages;
- g. interest before and after judgment as provided by law;
- h. reasonable and necessary attorneys' fees;
- i. a temporary injunction pending the resolution of the jury trial of this matter preventing the Defendants from the type of conduct set forth above regarding Heath Vandeventer with any current or future inmate in the Denton County Jail and a permanent injunction against Defendants, individually and/or jointly and severally, preventing the Defendants from the type of conduct set forth above regarding Heath Vandeventer with any current or future inmate in the Denton County Jail;
- j. costs of court; and
- k. all other and further relief to which Plaintiff, in either capacity, is justly entitled in law or in equity.

Respectfully submitted,

CHRIS RAESZ, P.C.
306 North Carroll Blvd.
Denton, Texas 76201
(940) 380-9505
(940) 382-2065 fax

By: /s/ Chris Raesz
    Chris Raesz
    State Bar No. 16460150
    court@chrisraeszpc.com

/s/ Sarah Roland
State Bar No. 24049077
sarah@sarahroland.com
903 North Elm Street
Denton, Texas 76201
(940) 323-9305
(940) 312-6830 fax

/s/ George Roland
State Bar No. 24084476
georgecroland@gmail.com
903 North Elm Street
Denton, Texas 76201
(940) 323-9308
(940) 312-6830 fax

Attorneys for Plaintiff